IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM LEE GRANT, II,   *

    Plaintiff,   *

v.   *   Civil Action No. GLR-18-1327

U.S. DEPARTMENT OF   *
TRANSPORTATION, et al.,
  *

    Defendants.

\*\*\*\*\*

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff William Lee Grant, II's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons that follow, the Court will grant Grant's Motion but dismiss his Complaint for failure to state a claim upon which relief can be granted and as frivolous.

### I.     BACKGROUND[1]

On May 4, 2018, Grant, a resident of Illinois, sued Defendants U.S. Department of Transportation and U.S. Department of Treasury and filed a Motion for Leave to Proceed In Forma Pauperis. (ECF Nos. 1, 2). Because Grant appears indigent, the Court will grant the Motion.

In his Complaint, Grant alleges that the Illinois Department of Employment Security ("IDES") denied him federal unemployment benefits "as retaliation for filing a

---

[1] Unless otherwise noted, the facts outlined here are uncontroverted and the Court views them in the light most favorable to Grant.

civil rights complaint with the Illinois Department of Transportation, and an ethics complaint with the Office of Executive Inspector General." (Compl. at 3, ECF No. 1).[2] Grant seeks to hold Defendants liable because they "have failed to investigate, and are liable for the actions of their grantees/Federal Funds Direct Recipients." (Id. at 2). In an enumerated list of allegations, Grant states, among other things, that "Hillary Rodham Clinton killed Vince Foster"; "George W. Bush was having an affair with Condoleezza 'Condi' Rice"; and "The House Saxe-Coburg and Gotha stands united." (Id. at 4). Grant also included a Memorandum and Order from the United States District Court for the Southern District of Illinois ordering him to show cause as to why a case unrelated to this one should not be transferred to the Central District of Illinois. (Id. 1–2). Grant appears to be seeking unpaid federal unemployment benefits. (Id. at 3)

## II. DISCUSSION

Grant filed his Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) (2018), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662,

---

[2] Citations to the Complaint and its Exhibit refer to the pagination assigned by the Court's electronic docketing system.

678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). For a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

A complaint is frivolous if "it lacks an arguable basis either in law or in fact." McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Unlike the failure to state a claim standard, however, in reviewing for frivolity, the Court "is not bound to accept 'clearly baseless' factual allegations as true." Kilgore-Bey v. Rudey, No. RDB-18-0007, 2018 WL 1135391, at *2 (D.Md. Feb. 28, 2018). Frivolous claims include "those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'" McLean, 566 F.3d at 399 (quoting Gladney v. Pendleton Corr. Facility, 302 F.3d 773, 774 (7th Cir. 2002); then quoting Denton v. Hernandez, 504 U.S. 25, 29 (1992)).

The Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. Id. at 93 (citing Twombly, 550 U.S. at 555–56). Nonetheless, liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990); see also Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

3

In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." White v. White, 886 F.2d 721, 722–23 (4th Cir. 1989).

B.   **Analysis**

The Court concludes that, even when afforded a liberal construction, the Complaint fails to state a claim and is frivolous.

To the extent that Grant attempts to bring claims against the U.S. Department of Transportation and U.S. Department of Treasury, he pleads that they are liable because they "failed to investigate, and are liable for the actions of their grantees/Federal Funds Direct Recipients." (Compl. at 2). Except for this single line in the Complaint, Grant makes no other mention of Defendants. He does not specify who their "grantees" or "Federal Funds Direct Recipients" are or what actions of these individuals or entities that Defendants failed to investigate. Thus, Grant fails to allege facts that set forth a cognizable claim. See Weller, 901 F.2d 387.

To the extent that Grant attempts to assert a claim for civil damages, the basis for such a claim is not discernible from the pleadings filed. Grant cites 18 U.S.C. § 241 (2018) as the apparent source of this Court's jurisdiction. Section 241 is, however, a criminal statute and it does not create a civil cause of action. Iglesias v. Wal-Mart Stores E., L.P., No. 2:09CV8, 2009 WL 8760729, at *3 (E.D.Va. Oct. 26, 2009) (quoting Roberts v. Pepersack, 256 F.Supp. 415, 420 (D.Md. 1966)), aff'd, 375 F.App'x 364 (4th

Cir. 2010). Grant, therefore, does not plead sufficient facts to "state a claim to relief that is plausible on its face" under § 241. Twombly, 550 U.S. at 570.

Grant's Complaint also alleges, in a multiple-item list, that various conspiracy theories are factual and lodges allegations against politicians and other public figures. For example, he pleads that "[t]he Bush Administration gave the DOD a stand-down order on 9/11" and that "William Jefferson Clinton is a serial rapist." (Compl. at 4). None of the listed claims has anything to do with Grant's claims against Defendants and are, simply put, nonsensical. See McLean, 566 F.3d at 399 (citations omitted).

Further, a review of the documents accompanying the Complaint reveals that Grant's claims appear to have been dismissed as frivolous by other federal courts, including the United States District Court for the Central District of Illinois, the United States District Court for the District of Columbia, and the United States Court of Federal Claims. (Compl. Ex. 1 at 1–11, ECF No. 1-1). The Court, therefore, concludes that Grant's claims are frivolous.

Thus, Grant's Complaint fails to state a claim upon which relief can be granted and is frivolous. Accordingly, the Court will dismiss Grant's Complaint.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Grant's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) but will dismiss the Complaint. A separate Order follows.

Entered this 16th day of May, 2018.　　　　　　　　　　　　／s／  
　　　　　　　　　　　　　　　　　　　　　　　George L. Russell, III  
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge